UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROL GAYLOR,
an individual,

    Plaintiff,

vs.                                      CASE NO.: 3:23-cv-01439

LEWIS POINT PLAZA, L.L.C.,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CAROL GAYLOR, by and through her undersigned counsel, hereby files this Complaint and sues LEWIS POINT PLAZA, L.L.C., a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, CAROL GAYLOR, (hereinafter referred to as "Mrs. Gaylor") is a resident of the State of Florida in St. John's County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from fibromyalgia, as well as multiple herniated disks in her neck and back. As a result, she is permanently disabled.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[1]

6. Defendant, LEWIS POINT PLAZA, L.L.C., LLC, (hereinafter referred to as "Defendant") is a Florida Limited Liability Company, registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: Lewis Point Plaza, generally located at 2435-2495 US Highway 1, St Augustine, FL 32086 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in St. John's County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property owned by LEWIS POINT PLAZA, L.L.C., is a large shopping plaza which consists of numerous retail stores and restaurants, is consequently a place of public accommodation subject to the ADA.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

2

10. Plaintiff has regularly visited the Defendant's Property discussed herein numerous times over the last year and plans to continue regularly visiting in the near future. The Defendant's Property is located approximately two (2) miles from Plaintiff's residence. Plaintiff most recently visited the Defendant's Property in early December, 2023.

11. During her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would visit the Defendant's Property more often because she enjoys the mix of stores located there and their convenient location close to her residence.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to the goods and services offered at the Property which is owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain there in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered/reduced her access:

    A. Plaintiff personally encountered numerous inaccessible parking spaces intended for disabled use at the Property, mainly near Mi Carnal Restaurant and D'Aleo Italian Deli, due to a lack of full width access aisles in violation of ADAAG Section 502.3. These conditions made it difficult and unsafe for Plaintiff to safely load and unload out of her vehicle due to nearby vehicular traffic.

  B. Plaintiff personally encountered numerous inaccessible curb ramps leading from the intended ADA parking spaces throughout the Property to the nearby sidewalks due to excessive slopes, steep side flare slopes and disrepair in violation of ADAAG Section 405.2, 406.2, 406.3 and 406.4. These conditions made it difficult and unsafe for Plaintiff to safely maneuver from the parking spaces to the sidewalks throughout the Defendant's Property and presented a tripping/slipping hazard which increased her risk of a fall.

  C. Plaintiff personally encountered inaccessible sidewalk routes between the tenant stores at the Defendant's Property due to excessive slopes and in some instances a failure to provide connecting ramps, such as between the Corner Sushi restaurant and the Rent-A-Center store in violation of ADAAG Section 402.2 and 206.2.2. These conditions made it difficult and unsafe for Plaintiff to safely maneuver throughout the sidewalks on the Defendant's Property and presented a tripping/slipping hazard which increased her risk of a fall.

15. To date, these barriers and other violations of the ADA, which are readily achievable and/or structurally feasible to remediate, still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron because she enjoys the stores located there and its convenient location, Plaintiff additionally intends to return to the Defendant's Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Properties is readily achievable, structurally feasible, and/or easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Properties would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That this Court declares that the Properties owned, leased, and/or operated by Defendant is in violation of the ADA;

B. That this Court enter an Order directing Defendant to alter its Property to make them accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: December 8, 2023

Respectfully Submitted,

KU & MUSSMAN, P.A.

          18501 Pines Blvd, Suite 209-A
          Pembroke Pines, Florida 33029
          Tel: (305) 891-1322
          Fax: (954) 686-3976
          Louis@kumussman.com

          By: */s/ Louis I. Mussman*
          Louis I. Mussman, Esq. (Lead Counsel)
          (FL Bar # 597155)
          Brian T. Ku, Esq.
          (FL Bar #: 610461)